# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LEADER INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 03-407-CV-W-FJG |
| | ) |
| MICHAEL LABELLA, et. al, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion for Summary Judgment (Doc. # 32).

### I. BACKGROUND

On October 20, 2000, Michael Labella and Mary Elliott were involved in a motor vehicle accident. Oliver Elliott was a passenger in Mary Elliott's car at the time. As a result of the accident Mary and Oliver Elliott filed suit against Michael Labella for injuries and damages. Mary Elliott settled with the insurance carrier for the owner of the vehicle operated by Michael Labella and her claim is not at issue. Oliver Elliott obtained a judgment against Michael Labella for $150,000 on September 24, 2002 to be collected only from insurance coverage available to Michael Labella.

Plaintiff Leader Insurance Company issued to Michael Labella an automobile liability insurance policy on a 1986 Astro van which was in effect at the time of the accident. Oliver Elliott claims that Michael Labella was covered by the policy with regard to the $150,000 judgment. At the time of the accident, Michael Labella was

operating a 1985 Dodge Diplomat, which was owned by his mother, Lenora Labella. The Dodge Diplomat was not listed as an insured vehicle on Michael Labella's policy of insurance. Michael Labella was driving his mother's car on the date of the accident, because his van was not operational.

In a letter dated February 23, 2001, Leader Insurance denied Michael Labella's claim based on Exclusion No. 13 which states in part:

> Coverage under this Part I, including our duty to defend, does not apply to: . . .bodily injury or property damage arising out of the ownership, maintenance or use of any vehicle, other than a covered vehicle, which is owned or furnished or available for the regular use of you or a driver listed on the Declarations page.

It should be noted that both Mr. Labella and his mother are listed on the Declarations page of his policy. The insurance policy at issue also defines "covered vehicle" in part as:

> a substitute vehicle when any vehicle described on the Declarations page, or any replacement or addition, cannot be used because it is being serviced or repaired, or it has been stolen or destroyed. Collision or Comprehensive Coverage is not afforded to substitute vehicles. A vehicle owned by you does not qualify as a substitute vehicle.

Mr. Labella testified during his deposition that on the morning of the accident he had purchased tires that he intended to use to repair his van.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

2

judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

### III. DISCUSSION

After reviewing plaintiff's motion for summary judgment, the Court finds that there are disputed factual issues which preclude the entry of summary judgment. Therefore, the Court hereby **DENIES** plaintiff's Motion for Summary Judgment (Doc. # 32).

The trial in this case originally scheduled for June 30, 2005, is hereby rescheduled to July 7, 2005 at 8:30 a.m. The parties will have up to 12:00 noon to present their cases. Therefore, in light of the shortened amount of time, the parties shall file revised witness lists with the Court on or before Thursday June 30, 2005 at 3:00 p.m.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** plaintiff's Motion for Summary Judgment (Doc. # 32).


Date:  June 28, 2005  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge